THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GS HOLISTIC, LLC, | : | |
| Plaintiff, | : | Case No. 2:23-cv-3760 |
| v. | : | Judge Walter H. Rice |
| DUBLIN SMOKY ROW INC., d/b/a DUBLIN SMOKE SHOP, *et al.*, | : | Mag. Judge Michael R. Merz |
| Defendants. | | |

ORDER SUSTAINING MOTION FOR PARTIAL SUMMARY JUDGMENT OF PLAINTIFF GS HOLISTIC, LLC (DOC. #19), AND OVERRULING MOTION TO STRIKE NON-COMPLIANT PORTIONS OF PLAINTIFF'S REPLY OF DEFENDANTS DUBLIN SMOKY ROW INC., d/b/a DUBLIN SMOKE SHOP, AND QASIM QABIE (DOC. #25); JUDGMENT SHALL ULTIMATELY ENTER IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANTS ON THE ISSUE OF THE VALIDITY AND OWNERSHIP OF TRADEMARK NOS. 6,174,291, 6,174,292, AND 6,633,884

This case is before the Court on the Motion for Partial Summary Judgment of Plaintiff GS Holistic, LLC (Doc. #19) and the Motion to Strike Non-Compliant Portions of Plaintiff's Reply of Defendants Dublin Smoky Row Inc., d/b/a Dublin Smoke Shope, and Qasim Qabie. (Doc. #25). On November 8, 2023, Plaintiff filed its Complaint against Defendants. (Doc. #1). Defendants filed an Answer on June 20, 2025. (Doc. #21). On April 11, 2025, the Court ordered Plaintiff to move for partial summary judgment against Defendants as to the validity and ownership of United States Patent and Trademark Office ("USPTO") Registration Nos.

6,174,291; 6,174,292; and 6,663,884 ("Stundenglass Marks"); if Plaintiff failed to do so, then the case would proceed to trial. (Order, Doc. #18, PAGEID 127-28). On May 7, 2025, Plaintiff filed its Motion. (Doc. #19). On June 6, 2025, after Defendants failed to file a response within the specified time, S.D. OHIO CIV.R. 7.2(a)(2), the Court ordered Defendants to file a response within fourteen (14) days. (Order, Doc. #20, PAGEID 147). The Court dictated that "[a]ny response must address both: (1) the arguments raised in the Motion as to the validity and ownership of the trademarks at issue, and (2) whether Defendants, knowingly or not, infringed those trademarks." (*Id.*).

On June 20, 2025, Defendants filed their memorandum *contra*; therein, "Defendants acknowledge that Plaintiff is entitled to summary judgment as to validity and ownership of the relevant trademarks, but submit that any request for summary judgment as to liability must be denied." (Memo. in Opp, Doc. #22, PAGEID 158). Plaintiff replied that its investigator purchased a counterfeit Stundenglass "gravity infuser" on July 27, 2023, for slightly more than half the manufacturer's suggested retail price of a legitimate Stundenglass infuser. (Reply, Doc. #23, PAGEID 162, 165, B. Malamut Decl., Doc. #23-1, PAGEID 168, ¶¶ 2-3). Plaintiff argues that Defendants offering the counterfeit item for sale at a sharply reduced price is sufficient to show an absence of material fact regarding Defendants' infringement of Plaintiff's trademarks. (*Id.* at PAGEID 165).

On July 14, 2025, Defendants filed their Motion to Strike, claiming that "[t]hough the Court instructed Defendants to address the issue of liability, Plaintiff

2

was neither invited nor granted to present new factual allegations or legal arguments in its Reply much less was it authorized to request an entirely different form of relief than that set forth in its original motion." (Motion, Doc. #25, PAGEID 202). Specifically, Defendants argue, Plaintiff introducing new evidence, the Neuman Declaration, and "request[ing] additional relief beyond that which was sought in its Motion for Partial Summary Judgment" constituted "summary judgment by ambush[.]" (*Id.* at PAGEID 202, 203). Defendants pray that the listed provisions of and exhibit attached to the Reply "must be struck [*sic*] from the Reply and given no further consideration by the Court in its review." (*Id.* at PAGEID 204).

In response, Plaintiff argues that the Court's June 6, 2025, Order "inherently placed these [infringement] issues at the forefront of the litigation . . . Therefore, the Plaintiff's Reply, which responds to the Defendants' arguments on these issues, is consistent with the Court's Order[.]" (Memo. in Opp., Doc. #26, PAGEID 206). Defendants did not file a reply, and the time for doing so has passed. S.D. OHIO CIV.R. 7.2(a)(2). The matters are ripe for decision.

**I.    Legal Standards**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the

3

burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323; *see also Boretti v. Wiscomb*, 930 F.2d 1150, 1156 (6th Cir. 1991).

Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Once the burden has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the pleadings," and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. "The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff." *Michigan Prot. & Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 341 (6th Cir. 1994).

"Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine dispute of material fact exists, a court must assume as true the

4

evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Id.* at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe. Credibility determinations must be left to the fact-finder. 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE CIVIL § 2726 (3d ed. 1998).

In determining whether a genuine dispute of material fact exists, a court need only consider the materials cited by the parties. FED.R.CIV.P. 56(c)(3). "A district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). If it so chooses, however, the court may also consider other properly presented materials in the record. FED.R.CIV.P. 56(c)(3).

## II. Analysis

While the Court, on its own or on motion, "may strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter[,]" FED.R.CIV.P. 12(f) (emphasis added), there is no analogous provision for a Court to do so for materials filed in connection with a motion for summary judgment. Even in *Helicopters v. City of Columbus*, relied upon by Defendants (Doc. #25, PAGEID 202-03, citing 879 F. Supp. 2d 775 (S.D. Ohio 2012) (Frost, J.)), the Court did not strike the inapplicable portions of the reply memorandum; rather the Court concluded that it "need not and will not consider Columbus' new or newly recast arguments." *Helicopters*, 879 F. Supp. 2d at 779; *see also Ohio St.*

5

*Univ. v. Skreened Ltd.*, No. 2:12-cv-662, 2014 WL 12656916, *1 (S.D. Ohio Apr. 2, 2014) (Frost, J.) ("[T]he Court is actually capable of discerning whether a brief has exceeded its permissible parameters. In other words, the Court will ignore any parts of the reply memorandum that do not relate to Defendants' pending motion for summary judgment. There is no need to 'strike' any impermissible material.").

Here, the Court asked Defendants to address liability and infringement (Doc. #20, PAGEID 147), placing those matters squarely at issue. The Court intended for both parties to address those issues in their briefing, and Plaintiff was within its right to do so. Even if there were a mechanism for the Court to strike impermissible portions of Plaintiff's brief, it would be nonsensical for the Court to do so when the Court invited such briefing. Thus, the Motion to Strike is OVERRULED. Given the disagreement of parties over the fact-intensive questions of liability and infringement, the Court does not intend to adjudicate those issues prior to discovery and further dispositive motion practice. Accordingly, the Court will simply not consider those portions for the purposes of deciding the instant Partial Motion for Summary Judgment.

In its Partial Motion for Summary Judgment, Plaintiff presents substantial, valid, and undisputed evidence that the Stundenglass Marks Nos. 6,174,291; 6,174,292; and 6,633,884 are valid, active, and assigned to Plaintiff. Specifically, Plaintiff has attached true and accurate copies of the Stundenglass Marks registration with the USPTO. (C. Folkerts Decl. 1, Doc. #19-1, PAGEID 136, ¶ 7, citing Marks, Doc. #19-2, PAGEID 140-45).

6

> Receipt of a registered trademark automatically invokes a statutory presumption that the trademark is valid. The statutory presumption shifts the burden of proof to the party challenging the validity of the mark. Furthermore, the District Court may not overrule the decision of registerability of the Patent and Trademark Office (PTO) unless the party challenging the mark argues persuasively that the mark was ineligible for protection.

*Burke-Parsons-Bowlby Corp. v. Appalachian Log Homes, Inc.*, 871 F.2d 590, 593 (6th Cir. 1989) (internal citations omitted).

In their memorandum *contra*, Defendants "acknowledge that Plaintiff is entitled to summary judgment as to validity and ownership of the relevant trademarks[.]" (Doc. #22, PAGEID 158). As there is no dispute, much less a material one, over ownership or validity of the Stundenglass Marks, Plaintiff's Motion for Partial Summary Judgment (Doc. #19) is SUSTAINED. Judgment shall ultimately enter in favor of Plaintiff and against Defendants that Stundenglass Marks Nos. 6,174,291; 6,174,292; and 6,633,884 have been continuously valid, active, and assigned to Plaintiff.

The captioned case shall be set for trial on the issues of liability and damages.

IT IS SO ORDERED.

August 28, 2025

*Walter H. Rice*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

7